JOHN G. CLARK *vs.* NORTHERN PACIFIC RAILROAD COMPANY.

November 25, 1891.

**Railway—Duty of Traveller at Crossing.**—Common prudence requires
that a person walking across a railroad track at a crossing should look for
approaching trains before going upon the track, and his failure to do so,
when unexcused by any other fact than that the view was obstructed un-
til he came within six feet of the track, is negligence.

Appeal by plaintiff from an order of the district court for Crow
Wing county, *Holland, J.,* presiding, refusing a new trial after a dis-
missal ordered at the trial, in an action to recover $15,000 for personal
injuries.

*Wetherby, True & Warner,* for appellant.

*Tilden R. Selmes,* for respondent.

DICKINSON, J. The dismissal of the action on the case presented
on the part of the plaintiff was justified for the reason that, by his
own showing, he was chargeable with contributory negligence. The
injury complained of was caused by his being struck by a snow-plough
followed by a locomotive running south, as he was crossing the rail-
road track at a place which may be deemed to have been recognized
by the defendant as a licensed crossing place over its road, and
where, as may be assumed, the company was bound to exercise care
to avoid injury to those who might travel there. It may be assumed
that the defendant did not exercise the care required of it, in that no
signal of the approaching engine and snow-plough was given. The
plaintiff was a young man, 22 years of age, with unimpaired facul-
ties. He was walking east on the travelled way or road, in the day-
time. Although the wind was blowing, with snow in the air, he could
see 35 or 40 rods. He was familiar with the locality, knew he was
approaching the railroad crossing, and was expecting that a train
might pass, coming from the south. The railroad runs in a straight
line north and south, and the track is elevated some two feet above
the surrounding country. The view of the railroad in both directions
was obstructed by trees as one approached it travelling east, until

the fence was passed which inclosed the railroad right of way, the distance of which from the track is not certainly shown, but appears to have been more than 20 and not more than 50 feet from the track. We will also make the further assumption, most favorable to the claim of the plaintiff, that, even after he came within the inclosing fence, his view of the track was so far obstructed that he could not have seen the approaching engine. As he came nearer to the track, his road lay between two piles of railroad ties, each of which was about 8 feet square and so high as to obstruct his view. The pile north of his way was about 6 feet therefrom, and that on the south was about 10 feet from that road. Both piles were about 6 feet from the railroad track, and it is perfectly apparent that when the plaintiff came within 6 feet of the track his line of vision in both directions was wholly unobstructed, and by looking he could have seen an approaching train as far away as the snow in the air enabled him to see, a distance of 35 or 40 rods. Such being the case, common prudence required him to look, as he could have done by simply turning his head, slackening his pace if necessary to enable him to do so. The testimony suggests no reason or excuse for not looking, and it must be deemed the plaintiff's own fault that he did not do so in time to avoid the injury. His testimony is that, having previously looked and listened, as he came out from between the two piles of ties, he looked first to the south, then to the north, just as the snow-plough struck him. In brief, it is shown that, without any necessity or special reason for doing so, the plaintiff walked on the track, or so near to it as to be struck by moving trains, without first looking to see if a train was within dangerous proximity. This was negligence.

In view of the conclusion here expressed, the other errors assigned need not be considered, for they could not have affected the result.

Order affirmed.