IONE H. RUSSELL v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

May 31, 1901.

Nos. 12,498—(99).

## Contributory Negligence.

In a personal injury action it is *held*, that the fact that plaintiff had no prior actual knowledge of the location of, or the danger causing, her injury, is not conclusive that she was not guilty of contributory negligence. The rule in such cases is that if the person have no actual knowledge of the danger causing the injury, and could not by the exercise of reasonable care have discovered it, he cannot be said to be guilty of contributory negligence. But, if ignorant of the danger, and the exercise of reasonable care would have made it known, and there be a failure to exercise such care, he is chargeable with negligence, and to the same extent as though perfectly familiar with the location and danger.

## Evidence.

Evidence examined, and *held* (a) to show conclusively that plaintiff was guilty of contributory negligence; and (b) that such evidence does not show a failure on the part of the defendant to exercise reasonable and ordinary care to avoid plaintiff's injury after discovering her in a position of peril.

[1] Reported in 86 N. W. 346.

Action in the district court for Hennepin county to recover $10,000 damages for personal injuries. The case was tried before McGee, J., and a jury, which rendered a verdict in favor of plaintiff for $875. From an order granting a motion for judgment for defendant notwithstanding the verdict, plaintiff appealed. Affirmed.

*Brady & Robertson,* for appellant.

*Koon, Whelan & Bennett,* for respondent.

BROWN, J.

This was an action to recover damages for personal injuries alleged to have been caused by the negligence of the defendant. The trial in the court below resulted in a verdict for plaintiff, which was set aside on motion of defendant, and judgment ordered in its favor notwithstanding the same, and plaintiff appealed.

The assignments of error present two questions for consideration: (1) Whether appellant was guilty of contributory negligence, as a matter of law; and, (2) assuming that she was guilty of such negligence, was the motoneer in charge of the street car which struck her and caused her injuries guilty of wilful and wanton carelessness, or did he fail to exercise ordinary care to avoid the accident after having discovered her in a position of peril?

The court below held, in granting the motion for judgment, that the evidence was conclusive of plaintiff's contributory negligence. We are of opinion that the court below was right. Plaintiff had resided in Minneapolis in the neighborhood of three months prior to the accident, was familiar in a general way with the streets, knew that cars were operated on Sixth street, and had been upon and across such street a number of times. She is a person of mature years, of unimpaired eyesight and hearing, and in possession of all her faculties. On the day of the accident she was on her way to visit a friend residing on Sixth street. She traveled from Fourteenth street down Fifth avenue, and at her arrival at Sixth street claims that she did not know she had arrived at the street, was confused, did not know her precise whereabouts, and, definitely to locate herself, determined to cross the street and make inquiry at a grocery store. She started from the corner of

83 M.—20

Fifth avenue and Sixth street to this grocery, traveling diagonally across the street, and, as she stepped upon the street-car track, was struck and injured by a car coming from the direction in which she was going. The day was windy and cold, but the occurrence took place in broad daylight, and there was nothing to obstruct her view or distract her attention. As she was crossing the street she held her muff to her face, to shield it from the wind, which was blowing from the northwest. She testified, and it is claimed in her behalf, that she did not know that she was upon Sixth street, and did not know that a railroad track was upon the street she attempted to cross. Her condition of mind is best disclosed at that time by her own testimony, and whether she exercised that degree of care essential in such cases may be determined from what she says on the subject. She testified, so far as here pertinent, as follows:

I came to Minneapolis in December, 1899. I did not know at the time of the injury the location I was in. I knew there was a street railway on Sixth street. * * * I did not observe the tracks when I stepped on them. I did not know I was near a railway. I did not hear a bell. I did not hear any sound of a car. "I could see well. It was light enough so I could see any reasonable distance. * * * My hearing is about average, and I could hear well enough. I supposed I was in possession of all my faculties at the time. My mind was clear. It must have been a winter's day. I presume it was cold. I had an outside coat, with a collar. I don't know whether the collar was turned up. I had a muff in my hand. My recollection is that when I got as far as the corner of Sixth street I hesitated to see if I could make up my mind where I was. Not being able to do so, thought I would go across the street and ascertain at the little grocery."

There is no evidence that the street-car track was obscured in any way, either by being covered with snow or otherwise.

It may be assumed, without stating it at length, that the evidence was sufficient to take the case to the jury on the question of defendant's negligence; and we have first to consider whether plaintiff was guilty of contributory negligence, as a matter of law, or, as otherwise expressed, whether the evidence was conclusive against her on that subject. It is very well settled in this state, as elsewhere, that a person crossing a street-railway track is

bound to the exercise of ordinary care to avoid accidents. The rules with respect to the care necessary to exercise, especially within the limits of the populous and busy portions of a city, both upon the part of the railway company and pedestrians, are clearly stated and laid down in Shea v. St. Paul City Ry. Co., 50 Minn. 395, 52 N. W. 902; Watson v. Minneapolis St. Ry. Co., 53 Minn. 551, 55 N. W. 742; Greengard v. St. Paul City Ry. Co., 72 Minn. 181, 75 N. W. 221; Terien v. St. Paul City Ry. Co., 70 Minn. 532, 73 N. W. 412; Wosika v. St. Paul City Ry. Co., 80 Minn. 364, 83 N. W. 386. Whether in any given case the pedestrian is guilty of contributory negligence is ordinarily a question of fact for the jury to determine. But where the facts are undisputed, and reasonable minds, guided by a sense of fairness, can reach but one conclusion, the question is one of law, to be disposed of as are other legal questions. Terien v. St. Paul City Ry. Co., supra; Abbett v. Chicago, M. & St. P. Ry. Co., 30 Minn. 482, 16 N. W. 266; Leonard v. Minneapolis, St. P. & S. Ste. M. Ry. Co., 63 Minn. 489, 65 N. W. 1084.

It is not, as a matter of law, negligence for a pedestrian to cross a street-railway track (at least, within the populous part of the city) without looking and listening for an approaching car. Whether the failure to look and listen be an act of negligence must be determined from all the circumstances of each particular case, guided by the rule of ordinary care and prudence. If a person by the exercise of such care could have discovered an approaching car and avoided the accident, and he failed to do so, he cannot recover. So the question in every case is one of ordinary care. Failure to look and listen might be conclusive, or at least very strong, evidence of negligence in one case, and in another of no particular controlling force at all. The ultimate determination of the question must depend largely in each case on the circumstances. The mere fact that the plaintiff in this case was not familiar with the location of the street-car lines in Minneapolis, and did not know at the time whether a line of railway was located and in operation upon the street she was crossing, is not conclusive that she was not negligent. Whether an injured party is familiar with the location where an accident happens, and with

the particular danger, is always an element to be considered in determining whether he was guilty of negligence, but it is not conclusive one way or the other.

The rule is that if the person have no actual knowledge of the danger causing his injury, and could not by the exercise of reasonable care have discovered it, he cannot be said to be guilty of contributory negligence. But if ignorant of the danger, and the exercise of reasonable care would have made it known, and there be a failure to exercise such care, he is chargeable with negligence, and to the same extent as though perfectly familiar with it. In view of the fact that plaintiff was on foot and in possession of all her faculties,—her eyesight, sense of hearing, and the control of her movements,—with nothing to distract her attention, it is apparent that she was utterly unmindful of her surroundings, paying no attention to the street she was crossing or to the approaching car. The slightest glance of the eye would have informed her that she was upon the street-car track, but she testified that she did not know that she stepped on the track at all, or that she was near it. A glance of the eye to the left would have informed her of the approach of the car, but she says she neither heard nor saw it. Clearly, from her undisputed evidence, reasonable minds can arrive at but one conclusion, and that to the effect that her own indifferent and careless conduct was the cause of the injuries she received. Had she been the least mindful of her movements and surroundings, she would have discovered her danger, and could very readily have stepped aside and protected herself.

The second proposition advanced by appellant is that, conceding her contributory negligence, the motoneer was guilty of wanton and wilful carelessness after discovering her in a position of peril; that he could, by the exercise of reasonable care, have stopped the car after discovering plaintiff's peril, and thus avoided the accident. We find nothing in the record to support this contention. The mere fact that a person is upon a street upon which runs a street-car line is no evidence that he is in a position of peril. The motoneer in charge of a street car has the right to presume that pedestrians will exercise due care for their own safety and protection, and is not required to assume that every person in front of

his car, at a considerable distance, will fail to exercise that care, or is in a position of peril. The evidence wholly fails to show wilful or intentional negligence on the part of the motoneer, such as to render the company liable, within the rules of law laid down by this court (Lando v. Chicago, St. P., M. & O. Ry. Co., 81 Minn. 279, 83 N. W. 1089; Fonda v. St. Paul City Ry. Co., 71 Minn. 438, 74 N. W. 166), and falls short of showing a failure to exercise reasonable and ordinary care to avoid the accident after discovering the peril plaintiff was in. The car was being operated in the usual way, and the motoneer testified (and there is no substantial evidence to contradict him) that as soon as he saw plaintiff was liable to be struck he made every effort to stop it and prevent the collision.

Counsel for appellant assume that plaintiff was in a position of peril, within the rule, when the motoneer first discovered her crossing the street. The authorities cited by them do not sustain the position. Plaintiff was upon the street, in full possession of her faculties and control of her movements, and was no more in a position of peril than every person similarly situated may be said to be when crossing a street on which is operated a street railway. She was in no danger at all until she stepped upon the railway track, and that must have been when the car was very near to her, for she was almost immediately thereafter struck.

Our conclusion upon the whole record is that the court below properly ordered judgment for defendant, and the order appealed from is affirmed.