HANS OLSON v. NORTHERN PACIFIC RAILWAY COMPANY.[1]

November 1, 1901.

Nos. 12,676—(47).

**Railway Crossing—Pedestrian—Failure to Look.**

In an action for injuries to plaintiff's intestate, who was run upon by one of defendant's trains at a railway crossing, *held*, that the evidence affirmatively shows that the injured person failed to use his sense of sight while walking upon such crossing in advance of a rapidly-moving train; following Schneider v. Northern Pac. Ry. Co., 81 Minn. 383.

**Contributory Negligence.**

For the failure of plaintiff's intestate to exercise ordinary care in thus exposing himself to danger, it is *held* that he contributed to his own injury to such an extent as to prevent a recovery in this action.

**Wilful Act—No Evidence for Jury.**

Evidence considered, and *held*, that it does not tend to disclose a wilful intent on the part of the servants operating defendant's engine at the crossing to injure plaintiff's intestate, nor of such recklessness or disregard of his safety as to justify a submission of that issue to the jury.

Action in the district court for Clay county by Hans Olson, as administrator of the estate of Ole H. Olson, deceased, to recover two thousand dollars for the death of plaintiff's intestate. The case was tried before Baxter, J., and a jury, which rendered a verdict in favor of plaintiff for the sum demanded. Thereafter, pursuant to an order of said court, judgment notwithstanding the verdict was entered in favor of defendant. Plaintiff appealed from the judgment. Affirmed.

*Gay Halvorson, H. Steenerson* and *Charles Loring,* for appellant.

*C. W. Bunn* and *L. T. Chamberlain,* for respondent.

[1] Reported in 87 N. W. 843.

LOVELY, J.

Action for personal injuries sustained by plaintiff's intestate at defendant's railway crossing over a street in the village of Hawley. Plaintiff had a verdict. Defendant moved for judgment notwithstanding the same, under the statute (Laws 1895, c. 320), which was directed in its favor. From this judgment plaintiff appeals, bringing the entire record, including the evidence, into this court for review.

Hawley is a village of seven hundred inhabitants, having a station depot, with platforms surrounding the same; also the side tracks usual at such places. To understand the real question presented on this review it is necessary to state that the principal thoroughfare of Hawley (Sixth street), upon which the stores and public places are situated, runs north and south across the main track of defendant's road adjacent to the west side of the depot platform. The main track runs east and west past the south front of the depot. North of the main track, and fifty-three feet distant from the same, is a side track, which has been designated as the "passing" track. The depot is surrounded by platforms, and adjacent to the same along the west side of Sixth street is a sidewalk running north and south over the several tracks at the station.

At the time in question, October 12, 1899, plaintiff's intestate, who was thoroughly familiar with the situation above described, had occasion to pass over the railway crossing upon the sidewalk referred to. He walked from the north of the passing track southerly along the sidewalk. At the instant he stepped upon the main track he was struck by defendant's engine, hauling a freight train of sixty-five cars, coming from the east, and running at the rate of thirty to thirty-five miles an hour. About ten minutes previous to the injury to intestate, one of defendant's passenger trains had preceded the freight going east, and the jury were probably authorized to find that both trains made considerable noise before and at the time of the accident, which might have prevented intestate from distinguishing either from the sound occasioned thereby.

The evidence shows that the whistle of the freight train had

been sounded three hundred feet east of the point of collision, but there is no evidence that the bell was rung or other signals given, and it may be conceded that under the circumstances the jury was authorized to find that the full measure of care and duty was not observed by the defendant's servants in that respect; but the record leaves no room for doubt, and it is conceded as a fact, that the plaintiff's intestate, who was a young man twenty-seven years of age, of good eyesight, in going upon the crossing, might have seen the approaching freight train three hundred feet at least, for a distance of thirty feet, while walking on the sidewalk, before such train reached the crossing, which took not less than ten seconds of his time. During this period he moved at a brisk walk towards the crossing, his head turned to the west away from the impending danger, without once glancing in that direction. The freight engine struck him upon his left side at the moment he stepped upon the track, throwing him upon the depot platform, inflicting such injuries that he died soon after.

We are unable to find in the record any excuse for intestate's disregard of his obvious duty to himself to use his eyesight at the time when he could easily have discovered the danger of collision, which was up to the very moment he stepped upon the main track. Until then he had full control of his movements. He could, by the slightest movement of his head towards the east, have discovered his hazard, and by a check in his movements have avoided the same. Under such circumstances his obvious want of care must preclude a recovery in this case. Carney v. Chicago, St. P., M. & O. Ry. Co., 46 Minn. 220, 48 N. W. 512; Schneider v. Northern Pac. Ry. Co., 81 Minn. 383, 84 N. W. 124. In the latter case the inability to hear the approaching train was held not to excuse the failure to exercise the sense of sight to discern the same.

Plaintiff strenuously urges that, notwithstanding his intestate may have been negligent, yet the servants in control of the engine of the freight train could, with ordinary care, have discovered his danger, and their failure to ring the bell or make some effort to avoid the accident after they might have seen intestate authorized the submission of the case, notwithstanding such contributory negligence. We are unable to adopt this view.

The reasonable presumption that due care will be exercised by all persons in mutual relation when care is required is not a partial or one-sided doctrine, but applies to each alike. Walker v. St. Paul City Ry. Co., 81 Minn. 404, 84 N. W. 222. It seems clear to us that while the intestate might have the right to say that all signals should be observed by the defendant's servants in the exercise of ordinary care by such, the latter would also have the right to indulge in the same presumption with reference to the conduct of the unfortunate man who was deprived of his life by his own negligence, and presume that he would do his duty likewise. The engineer could not be held to suppose absolutely, as a matter of law, that a young man of good intelligence, with average faculties, before going on a railway crossing would keep his head turned away from the direction in which a train might be approaching, when the merest glance of the eye, even at the last moment, would apprise him of the danger, or the checking of his movements, upon the plainest dictates of common prudence, have protected him from injury.

While the negligence of the defendant might have required a submission of this case to the jury on that issue, yet the negligence of the intestate directly contributed to the unfortunate result which followed, and there is no evidence, under the circumstances, which tends to show that the servants of the train, after discovering his danger, acted either wilfully or with such a wanton disregard of life or recklessness in view of the facts disclosed as will excuse the contributory negligence of intestate. Lando v. Chicago, St. P., M. & O. Ry. Co., 81 Minn. 279, 83 N. W. 1089.

Judgment affirmed.