C. W. KEMP v. NORTHERN PACIFIC RAILWAY COMPANY.[1]

April 24, 1903.

Nos. 13,398—(113).

## Contributory Negligence.

In an action for injuries from collision with a train, received while driving over an alleged defective railway crossing, *held*, that the condi-

[1] Reported in 94 N. W. 439.

tion of the crossing was not the proximate cause of the injury, but that respondent was guilty of contributory negligence, and appellant was en- ' titled to judgment notwithstanding the verdict.

Action in the district court for Morrison county to recover $2,000 for personal injuries. The case was tried before Searle, J., and a jury, which rendered a verdict in favor of plaintiff for $625. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed, and judgment ordered for defendant.

*C. W. Bunn* and *James B. Kerr*, for appellant.

*J. N. True*, for respondent.

LEWIS, J.

Respondent is a farmer, residing about three miles southeast of the city of Little Falls, and on November 16, 1901, he started for the city with a load of hay weighing about a ton. He had occasion to cross appellant's railway tracks upon a highway, and while so doing the west-bound limited train struck the rear end of his wagon, upsetting the load, breaking the hayrack and wagon, releasing the horses, and to some extent injuring respondent. The charge of negligence against the railway company consists of three propositions: (1) That the train was run at a high and unusual rate of speed; (2) that the usual and customary signals were not given for that crossing; (3) that the crossing was in a defective condition, not in accordance with the statute, and by reason thereof respondent was delayed in crossing, and was struck by the train. The trial court instructed the jury that there was no evidence to charge appellant with negligence in respect to the speed of the train and in the giving of signals, but submitted to them the question of determining whether the crossing was defective, and if the accident occurred by reason of it. A verdict was returned for respondent in the sum of $625, and appellant moved for, and was denied, a new trial and judgment notwithstanding the verdict.

Respondent testified that he was sitting on top of the load of hay, and at a point about fifteen rods from the crossing he stopped to talk with an acquaintance, and, before proceeding, looked to

the south for approaching trains, but saw none; that when within two rods of the crossing he again looked in the same direction, but saw no train, and thereupon drove upon the crossing, and, as the highway crossed at an angle, the right forewheel of his wagon slid along the rail to the left for a distance of nearly four feet, when it slipped over, and caught in the groove on the inside of the rail, the other wheel remaining on the outside in the gravel; that the wagon stuck there for about a minute, and respondent, hearing the train whistle, yelled at his team, and they sprang forward, but the back of the wagon was struck.

The crossing was not made of planks between the rails, as prescribed by the statute (G. S. 1894, § 2686), but consisted of what is known as a gravel crossing, which is constructed by placing a rail sidewise upon the inside, with the ball under the base of the standing rails, and when fastened in place the space between is filled with gravel. According to this method of construction the groove between the two rails, which was intended for the car wheels to pass through, was in this case two and nine-sixteenths inches, according to the testimony of a witness who made actual measurements. Respondent and some other witness, who casually examined it, varied from three to four inches in their estimates. Some of the witnesses stated that the gravel on the inside was somewhat lower than the rails, and that in driving upon them from the outside to make the crossing there was a rise of two or three inches to overcome.

It is undisputed that for at least half a mile along the highway on the side from which respondent approached the track trains could be seen for a distance of one mile from the crossing, the view being unobscured, at least to a person on a load of hay. The specific charge of negligence upon which respondent relies is that by reason of the construction of the crossing, being of gravel instead of planking, his wheel caught in the groove between the rails, and his wagon was thereby detained long enough to permit the collision.

We are thoroughly satisfied that respondent's theory and explanation is absolutely untenable, and has no substance or foundation in fact. There is no evidence in the case whatever to indicate

that the wheel was caught in the groove, and, from the very nature of the explanations given by respondent himself, it was impossible. The groove was less than three inches wide, and differed little from the space required by the statute. The wheel could become fastened in the manner described only in case the team turned parallel to the track, and thus permit the wagon wheel to slip into the groove; but, according to the evidence and respondent's testimony, the team did not so turn, but was at right angles with the rails, and when respondent called to them they immediately pulled the wagon across. This is respondent's claim as to the cause of the accident, and the evidence does not indicate any other theory by which the wagon could have been held or retained on account of the crossing, and therefore the conclusion is unwarranted that the proximate cause of the injury was in the fact that a gravel crossing was used instead of that prescribed by the statute, and that the same was defective.

There is no explanation or reason given to account for the fact that respondent did not see the approaching train in time to avoid the accident. He says he looked when within two rods of the crossing, but did not see any train. If he did not look, he was guilty of contributory negligence, and, if he did look, he must have seen the train approaching, for his view was unobstructed; and, if he saw it, he took the chances in attempting to cross ahead of it. In the absence of a reasonable explanation, there was no question for the jury to pass upon.

Order reversed, with directions to enter judgment for appellant.