AMELIA M. BALY v. ST. PAUL CITY RAILWAY COMPANY.[1]

June 19, 1903.

Nos. 13,476—(116).

**Contributory Negligence.**

In an action for injuries to plaintiff's intestate, who was run upon by one of defendant's electric cars while he was passing over an urban street midway between crossings, *held*, that the evidence shows that intestate failed to exercise reasonable precautions for his protection and contributed to his own injury.

**Wilful Negligence.**

*Held*, further, that the evidence does not tend to disclose such wilful negligence on the part of defendant's motorman, after the discovery of intestate's peril, as to require a submission of that issue to the jury.

Appeal by plaintiff from an order of the district court for Ramsey county, Otis, J., denying a motion for a new trial.   Affirmed.

*Lawler & Arnold,* for appellant.

Failure to look before crossing a street-car track is not as a matter of law negligence.   Shea v. St. Paul City Ry. Co., 50 Minn. 395; Watson v. Minneapolis St. Ry. Co., 53 Minn. 551; Kennedy v. St. Paul City Ry. Co., 59 Minn. 45; Holmgren v. Twin City R. T. Co., 61 Minn. 85.

[1] Reported in 95 N. W. 757.

The defendant was guilty of wilful and wanton negligence and the contributory negligence of plaintiff's intestate, if any, was not the cause of the injury, and plaintiff is entitled to recover. Missouri v. Weisen, 65 Tex. 443; Bouwmeester v. Grand Trunk, 63 Mich. 557; O'Keefe v. St. Louis, 81 Mo. App. 386; Hall v. Ogden, 13 Utah, 243.

*Munn & Thygeson,* for respondent.

LOVELY, J.

Plaintiff brings this action, as administratrix, to recover for the death of her husband, who was fatally injured by one of defendant's street cars in the city of St. Paul on July 31, 1901. At the close of plaintiff's evidence the cause was dismissed by the court upon defendant's motion. This appeal is from an order overruling a motion for a new trial.

A brief summary of the evidence discloses the following facts, which must be accepted as the basis of our conclusions upon this review: Plaintiff's intestate was a gentleman sixty years of age, having the faculties of sight and hearing of his years. He was standing on the sidewalk near the Astoria Hotel, on the east side of Wabasha street, about eleven o'clock of a bright, clear day, with nothing save the passing street cars to interfere with his vision of objects on the street. His position was near the middle of the block, and equidistant between the crossings of Fifth and Sixth streets. From this point he started to go diagonally across the street in a southwesterly direction to the old post-office building. To do this he was required to pass over two street car tracks, the easterly one being twenty-two feet from the sidewalk curbs of Wabasha street, on both of which cars were continually moving. At the time he started forward there was a Stillwater car approaching on the west track from the north, one hundred fifty feet distant, and coming at a much higher rate of speed than was allowed by the ordinances of the city.

The only substantial testimony describing the movements of intestate was from a witness (Larson) who was standing at the old post-office building. He saw him, just after leaving the curb, move at a moderate pace towards the post office in a very deliberate manner, without glancing to the north at all, at the same time this witness observed the approaching car. Intestate seemed to be quite oblivious of his sur-

roundings.' He paid no attention whatever to the approaching car, although he could have easily seen it had he turned his head for an instant towards the north. Larson was impressed with the peril which intestate was evidently incurring, and attempted to attract his attention by hallooing, but this had no effect whatever, for he continued to go forward, passing the east track, and, as he stepped upon the west one, on which the Stillwater car was then rushing forward, it struck and threw him upon its fender, inflicting such injuries that he died therefrom. The evidence would have justified the conclusion that the car was running at an excessive and illegal rate of speed, and it was probably a question for the jury whether its gong had been previously sounded, although upon the entire record the testimony largely preponderates to show that this precaution had been exercised by the motorman.

The trial court was of the opinion that intestate displayed that want of ordinary care required of pedestrians in passing over street car tracks as would require the submission, as a matter of law, whether the administratrix could recover. In no view which we can apply to the evidence are we able to avoid the same result. We cannot say that the unfortunate man could have seen the car one hundred fifty feet distant, and, relying upon the supposition that it was running at a proper rate of speed, had some right also to conclude that he would have had time to cross the tracks before it reached him, for upon the undisputed evidence he went blindly forward, without even an instantaneous glance in the direction where danger was to be apprehended; we cannot therefore presume that he indulged in any confidence based upon the supposed speed of the car which ran upon him.

Plaintiff refers to cases wherein it has been held that parties injured in street car collisions may rely upon emergencies and diverting conditions such as distract their attention from a dangerous situation or create a reliance upon the operation of the car, as in Walker v. St. Paul City Ry. Co., 81 Minn. 405, 84 N. W. 222, and Peterson v. Minneapolis St. Ry. Co., infra, page 52; for in this instance the unfortunate man did not look in the direction of the car from the time he left the sidewalk, and there is nothing in the evidence that will permit the inference that his conduct was influenced by any surmise as to its rate of speed.

While it is undoubtedly the law that the pedestrian and the operator of the car have the mutual right to use the street, their relative occupation of the same imposes upon the pedestrian some duty to exercise care for his own protection, and we have been unable to find in this record anything that relieved intestate from the imputation of contributory negligence, which, under our previous decisions, sustains the conclusions of the trial court. Hickey v. St. Paul City Ry. Co., 60 Minn. 119, 61 N. W. 893; Terien v. St. Paul City Ry. Co., 70 Minn. 532, 73 N. W. 412; Russell v. Minneapolis St. Ry. Co., 83 Minn. 304, 86 N. W. 346.

We apprehend the learned counsel for plaintiff recognize the obvious effect of this view, for it is insisted that upon the facts disclosed, while intestate may have exhibited such a want of ordinary care as would forbid recovery upon that ground solely, yet the acts of the motorman displayed such wanton and wilful carelessness, after the discovery of intestate's peril, that the cause should have been submitted to the jury upon that question; but the difficulty with this claim arises from our inability to say that the motorman ought to have assumed, at any time up to the moment when intestate stepped upon the west track, that he was liable to do so, which should be clear to convict the operator of the car of wanton carelessness. Lando v. Chicago, St. P. M. & O. Ry. Co., 81 Minn. 279, 83 N. W. 1089. Foot travelers are continually on the street between the sidewalk and moving cars, and their operators cannot presume that they will run into danger or regulate their conduct with reference to that fear; for, upon the same principle which justifies the pedestrian in assuming that another will not wilfully imperil his life, the operator of the car may also act upon the presumption that the traveler will stop before stepping on the track when such an act would obviously result in his injury (Metz v. St. Paul City Ry. Co., 88 Minn. 48, 92 N. W. 502), hence the motorman might have reasonably assumed in this case that the intestate would not step before the moving car and collide therewith when the slightest observance of ordinary care at the last moment would have apprised him of his danger. Olson v. Northern Pac. Ry. Co., 84 Minn. 258, 87 N. W. 843.

Order affirmed.