MARY A. GREENWOOD v. CHICAGO, ROCK ISLAND & PACIFIC RAIL-
WAY COMPANY.[1]

June 23, 1905.

Nos. 14,332—(164).

**Contributory Negligence.**

   Evidence examined, and *held* conclusively to show that plaintiff's in-
testate was guilty of contributory negligence in attempting to cross a
railroad track in the face of an approaching train.

Action in the district court for Rice county by plaintiff as adminis-
tratrix of the estate of Agnes M. Greenwood, deceased, to recover
$2,000 for the death of decedent. The case was tried before Buckham,.
J., who directed a verdict in favor of defendant. From an order
denying a motion for a new trial, plaintiff appealed. Affirmed..

*F. B. Andrews* and *C. N. Andrews*, for appellant.

*Thos. H. Quinn*, for respondent.

BROWN, J.

Action to recover for the death of plaintiff's intestate, alleged to have
been caused by the negligence of defendant. A verdict was directed
for defendant, and plaintiff appealed from an order denying her motion
for a new trial.

The facts are as follows: Plaintiff's intestate, a young lady of about
twenty-three years of age, was killed at the intersection of a highway
and defendant's railroad in the city of Faribault on March 21, 1903.
At the crossing where the accident occurred the street is much traveled,
and the railroad crosses the same at grade, and nearly right angles.
Deceased approached the track on foot, and the evidence tends to show
that when about twenty feet from the track she looked to the north and
to the south, and then continued, and, just as she was about to step
off the track, a train of cars backing down from the north struck and
killed her. It appears that the train was composed of an engine and
three cars, backing in the direction of this crossing at about the rate of
fifteen miles an hour, and that when deceased was within twenty feet

[1] Reported in 104 N. W. 3.

of the crossing it was thus rapidly approaching, and not far distant. There was no other railroad track at this point, and nothing to obstruct the deceased's view for a considerable distance up the track in the direction from which the train was approaching; nor is there anything in the evidence which would justify a finding that her attention was distracted by any noise upon this or the Great Western Railroad, some four hundred feet distant. The evidence is ample to sustain the finding that the railway company was guilty of negligence in operating the train at the rate of fifteen miles an hour, in violation of the ordinances of the city of Faribault, and perhaps in failing to have a lookout on the rear car for the purpose of warning pedestrians on or likely to approach the track at street crossings, though it does appear without dispute that the whistle of the engine was sounded and the bell constantly rung as the train approached the crossing. But the trial court directed a verdict for defendant on the ground that deceased was guilty of negligence contributing to her death.

A careful examination of the evidence leads to the conclusion that the trial court was right; that the evidence is conclusive that deceased was guilty of contributory negligence. As already remarked, her view of the track was entirely unobstructed for a distance of some nine hundred feet in the direction from which the train was coming. Though one witness testified that she looked in that direction as she approached the track, and before crossing it, it is clear that she was unmindful of her surroundings, and did not observe the train. She was a bright young lady, in the possession of all her faculties; and it is certain that, had she paid the slightest attention to the cars, which she must have seen, had she looked, the fact that they were rapidly approaching her would have been obvious. We cannot, under such circumstances, hold that plaintiff is entitled to recover, without, in effect, overruling all previous decisions of this court on the subject. The theory of plaintiff's counsel is that deceased was evidently deceived; that she undoubtedly saw the approaching train, but supposed that it was going from her, and not approaching. It is difficult to give force to this contention. The cars, according to plaintiff's testimony, were approaching at a rapid rate of speed; and it seems impossible, in view of the fact that there was nothing to obstruct the view, that deceased could have gained the impression that they were going

from, instead of approaching, her. Similar cases have been before us, and we have uniformly sustained the trial court in holding the pedestrian guilty of contributory negligence. Russell v. Minneapolis St. Ry. Co., 83 Minn. 304, 86 N. W. 346; Baly v. St. Paul City Ry. Co., 90 Minn. 39, 95 N. W. 757; Schmidt v. Great Northern Ry. Co., 83 Minn. 105, 85 N. W. 935; Olson v. Northern Pac. Ry. Co., 84 Minn. 258, 87 N. W. 843; Schneider v. Northern Pac. Ry. Co., 81 Minn. 384, 84 N. W. 124; Sandberg v. St. Paul & D. R. Co., 80 Minn. 442, 83 N. W. 411.

Order affirmed.