REDOR WARDNER v. GREAT NORTHERN RAILWAY COMPANY.[1]

December 8, 1905.

Nos. 14,515—(83).

**Contributory Negligence.**

In an action to recover for personal injuries caused by a collision between plaintiff's team and a switch engine of defendant, at the crossing of defendant's railroad over Third street in Grand Forks, the evidence is examined, and *held* to show conclusively that plaintiff was guilty of contributory negligence.

Action in the district court for Polk county to recover $40,000 for personal injuries. The case was tried before Watts, J., and a jury, which rendered a verdict in favor of plaintiff for $6,000. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed and judgment ordered for defendant.

*M. L. Countryman* and *A. C. Wilkinson,* for appellant.

*G. A. E. Finlayson, Sorley & Bergman* and *Scott Rex,* for respondent.

BROWN, J.

Action to recover for personal injuries alleged to have been caused by the negligence of defendant, in which plaintiff had a verdict in the

[1] Reported in 104 N. W. 1084.

court below, and defendant appealed from the order denying its alternative motion for judgment notwithstanding the verdict or for a new trial.

The injuries complained of by plaintiff resulted from his being struck by one of defendant's switch engines at a street crossing in the city of Grand Forks, North Dakota. As appears from the record, defendant has two parallel tracks at the point of the accident, running in a westerly direction from a bridge over the Red river, and crossing Third street, the southerly of the two being its main track, and the other a side track extending along the right of way, distant ten feet from the main track. Both tracks are on a level with the street, which is paved. On each side of the street buildings have been erected up to the right of way, so that the view of the track, either east or west, is obstructed until within a few feet thereof. The street is extensively used by the people, and the crossing is one attended with more or less danger. Defendant had provided gates, consisting of long bars, which were operated by a watchman in a tower situated a block west on the right of way, and are lowered automatically when a train approaches, and when down they effectually obstruct passage over the tracks. In connection with the gates is a gong, which sounds continuously while they are being lowered. On May 21, 1904, at about four o'clock in the afternoon, plaintiff was driving south on Third street, over which the railroad tracks so extend, with his team of horses hitched to an empty wagon. As he reached the main track he was struck by a switch engine coming from the east, and received the injuries of which he complains.

His cause of action is founded upon two alleged acts of negligence: (1) That the employees of defendant in charge of the switch engine gave no signal of its approach by ringing the bell, sounding the whistle, or otherwise; and (2) that the employees were guilty of negligence in running the engine at an excessive rate of speed, in violation of the ordinances of the city of Grand Forks. The defense was a denial of the acts of negligence charged, and that plaintiff was guilty of contributory negligence.

Numerous errors are assigned on this appeal; but, in the view we take of the case and the specific acts of negligence relied upon for recovery, it becomes necessary to consider only one question, viz., whether the court erred in refusing defendant's request for an instructed ver-

dict on the ground that plaintiff was guilty of contributory negligence as a matter of law.

It conclusively appears from the evidence as presented by the record that at the time in question, and when plaintiff's team was at the gates on the north side of the right of way, the watchman, having observed the approach of the switch engine from the east, commenced to lower the gates, in connection with which the gong attached thereto sounded in the usual manner. Plaintiff was driving his team at an ordinary walk, and was himself in possession of all his faculties. His hearing and eyesight were good. From the position he was in at this time his view along the track to the east was unobstructed for a distance of ninety feet. He testified that as he approached the crossing he looked to the east at this point and saw no approaching engine; that when he was within about twenty feet of the main track, then being on the side track, which was ten feet from the former, he again looked to the east, when his view was unobstructed for a distance of one hundred forty feet, and saw no engine approaching; and when within three feet of the main track he looked to the east a third time and discovered the engine almost upon him, and in attempting to cross the track was caught by the engine and injured. There was evidence tending to show that the engine was running at a rate of between five and twelve miles an hour; but, in view of the fact that it was brought to a standstill within about four feet from the place where the collision occurred, it is fairly conclusive that it was not running at any very rapid rate of speed at that time.

But, whether defendant was guilty of negligence in operating the engine at a speed not authorized by the city ordinances of Grand Forks or failed to give the usual signals of its approach, the conclusion is unavoidable that plaintiff was guilty of contributory negligence and cannot recover. The crossing in question is a dangerous one, requiring on the part of the railroad company greater care than would be required at crossings less dangerous, and a corresponding degree of care on the part of the pedestrians crossing the tracks. The rule is thoroughly settled in this state that a person about to cross a railroad track at a public highway or street must use his senses, his sight and hearing, unless in some way he is prevented from doing so, and if he fails in this re-

spect, and receives injuries by reason of such failure, he cannot recover. The evidence does not disclose anything which in any way distracted plaintiff's attention, and, as already observed, his view to the east, down the track, was unobstructed, and if he had looked in that direction before passing upon the tracks he would have seen the approaching engine in time to have averted the accident.

The following cases fully sustain the contention of defendant that plaintiff was guilty of contributory negligence and cannot recover: Brown v. Milwaukee & St. Paul Ry. Co., 22 Minn. 165; Carney v. Chicago, St. P., M. & O. Ry. Co., 46 Minn. 220, 48 N. W. 912; Clark v. Northern Pac. R. Co., 47 Minn. 380, 50 N. W. 365; Schneider v. Northern Pacific Ry. Co., 81 Minn. 383, 84 N. W. 124; Sandberg v. St. Paul & D. R. Co., 80 Minn. 442, 83 N. W. 411; Griswold v. Great Northern Ry. Co., 86 Minn. 67, 90 N. W. 2; Kemp v. Northern Pacific Ry. Co., 89 Minn. 139, 94 N. W. 439. In the last case the court said: "There is no explanation or reason given to account for the fact that respondent did not see the approaching train in time to avoid the accident. He says he looked when within two rods of the crossing, but did not see any train. If he did not look, he was guilty of contributory negligence; and, if he did look, he must have seen the approaching train for his view was unobstructed; and, if he saw it, he took the chances in attempting to cross ahead of it. In the absence of a reasonable explanation, there was no question for the jury to pass upon."

And in the case at bar there is no explanation or reason given to account for the fact that plaintiff did not see the approaching switch engine, if he looked in the direction from which it was coming, as he testified he did. It is beyond question that, had he looked at a point twenty feet from the main track he would have seen its approach, and could have stopped his team, or turned aside, and prevented the collision. He could not pass out upon the other side, for the gates were lowered, and the fact that he drove blindly on is conclusive that he was not in the exercise of reasonable care for his safety. It seems clear to us, on a full review of all the testimony, that he was either totally unmindful of his surroundings at the time of crossing the tracks, paying no heed to the sounding of the gong attached to the gates, or he knew the engine was approaching and made an effort to cross the tracks ahead of it. Bystanders who witnessed the accident noticed the approaching

engine, that the gates were being lowered as plaintiff was entering upon the right of way, and heard the continuous sounding of the gong; while plaintiff testified that he neither saw nor heard the engine until it was upon him, did not notice that the gates were being lowered, nor hear the sound of the gong. The facts testified to by the bystanders were conclusively established, and the situation, as respects the care exercised by plaintiff, leaves but one inference, that of negligence. Greenwood v. Chicago, R. I. & P. Ry. Co., 95 Minn. 284, 104 N. W. 3.

The fact that the railroad company had placed gates at this crossing, and that they were not lowered at the precise moment when plaintiff approached the crossing, did not relieve him of the duty to look and listen for an approaching train before crossing the tracks. While gates of this kind are provided by the railroad company as a protection to pedestrians, who may, in a measure, rely upon the duty of the company to lower them when a train approaches, the fact that they are so provided does not wholly relieve the pedestrian from exercising reasonable care to avoid danger. In Stegner v. Chicago, M. & St. P. Ry. Co., 94 Minn. 166, 102 N. W. 205, it was held that open gates of this character at a railroad street crossing are an implied assurance to travelers upon the street that the tracks may be safely passed; still the fact that the gates are open does not relieve them from exercising ordinary care before going upon the tracks. In the case at bar plaintiff had not entered upon the tracks or upon the right of way until the gates were being lowered, and they were completely lowered before he had reached the main track on which the accident occurred. This predicament was brought on by his own neglect.

In this view of the evidence, the substance of which we have referred to, taking the case from plaintiff's own testimony, it is clear that a better case cannot be made on a second trial; and, for the reason that the evidence is conclusive of plaintiff's contributory negligence, the order appealed from is reversed, and the case remanded, with directions to the court below to enter judgment on the merits for defendant.

Reversed and judgment ordered for defendant.