82 N.J. Super. 319 (1964)
197 A.2d 589
DANIEL SANTOR, PLAINTIFF-RESPONDENT,
v.
A AND M KARAGHEUSIAN, INC., A DELAWARE CORPORATION, AND SEABOARD FLOOR COVERING, INC., A DELAWARE CORPORATION, JOINTLY, SEVERALLY, OR IN THE ALTERNATIVE, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 27, 1964.
Decided February 12, 1964.
*320 Before Judges CONFORD, FREUND and SULLIVAN.
Mr. Sheldon Schachter argued the cause for appellants (Messrs. Kleinberg, Moroney & Masterson, attorneys).
No appearance for plaintiff-respondent.
The opinion of the court was delivered by CONFORD, S.J.A.D.
Plaintiff recovered a judgment in the Law Division for damages for defects in carpeting which he had purchased from one Davis, a retailer of carpeting in Oaklyn. Recovery was allowed for the full amount of the purchase price paid. Davis was not sued, being out of business and gone from the State when the action was instituted. Instead, plaintiff brought this action and recovered judgment against the defendants A and M Karagheusian, Inc., manufacturer of the carpeting, and Seaboard Floor Covering, Inc., a distributor and wholly owned subsidiary of Karagheusian, who sold it to Davis.
The complaint here does not sound in negligence, nor did plaintiff offer any proof thereof at the trial. Recovery was allowed by the court solely and expressly on the theory of breach of an implied warranty of merchantability. Defendants appeal, primarily on the ground they were never in any contractual relationship with plaintiff and therefore had no legal obligation to him in respect of the condition or quality of the carpeting.
The trial court found from the proofs that plaintiff was specifically interested in purchasing the "Gulistan" brand of carpeting, which is manufactured and distributed by defendants, having read about it in advertisements. Plaintiff testified that he did not know when he purchased the carpeting *321 who made it, but that he bought it from Davis because he dealt in the brand.
In rejecting the defense of lack of privity between plaintiff and the defendants, the trial court relied upon the decision of the Supreme Court in Henningsen v. Bloomfield Motors, Inc., 32 N.J. 358 (1960), which it construed to abolish the defense of privity outright, regardless of the nature of the commodity sold or the type of injury or damage sustained by plaintiff, whenever "a manufacturer puts an item of merchandise in the stream of trade and promotes its purchase by the public." In every such case, thought the trial court, Henningsen holds that an implied warranty that the merchandise "is reasonably suitable for its use as such accompanies it into the hands of the ultimate purchaser, and * * * the absence of agency between the manufacturer and the dealer who makes the ultimate sale is not material."
Since defendants here did "promote the purchase of Gulistan carpeting by the public," the court deemed the Henningsen decision effective to create liability on the part of defendants for the defective carpeting in favor of the plaintiff even though they had not sold it to him.
We do not agree with the trial court's appraisal of the scope of the Henningsen decision. The court was there concerned with the marketing of an article whose defect in manufacture resulted, and foreseeably so, in personal injuries to a member of the family of the ultimate purchaser. In such circumstances, it was held that an implied warranty of merchantability extended from the manufacturer to the person injured. The heart of the rationale of the case on its facts was thus expressed by the court (32 N.J., at p. 379):
"Thus, where the commodities sold are such that if defectively manufactured they will be dangerous to life or limb, then society's interests can only be protected by eliminating the requirement of privity between the maker and his dealers and the reasonably expected ultimate consumer."
While some of the language in the Henningsen opinion may perhaps augur a day when our courts may feel constrained in *322 some kinds of situations to re-evaluate the requirement of privity in respect of sales of ordinary merchandise where the only damage of the consumer from defect therein is his loss of bargain, our responsibility is to apply the law as we find it to exist now. It is clear to us that as of this writing, absent personal injury or damage to health consequent upon use of the product in question, there is no action in this State on the part of a purchaser of goods for breach of warranty in respect of their quality or fitness for use except as against the party from whom he has purchased them. It was recently so held by the United States District Court in Martins Ferreira v. Jayess Corp., 214 F. Supp. 723, 728 (D.N.J. 1963). "* * * [A] person not a party to a contract, nor in privity thereto, cannot sue in respect to a breach of a duty arising out of the contract." Bacak v. Hogya, 4 N.J. 417, 422 (1950). And see New Jersey Study Comment, at p. 189, preceding annotation of Uniform Commercial Code, N.J.S. 12A:2-313: "New Jersey has held that privity of contract is needed to maintain an action for breach of warranty," citing cases.
Whether or to what extent a tort action grounded in negligence should be allowed a consumer against a manufacturer from whom he has not purchased goods to recover for property damage consequent upon defect therein is not an issue before us in this case. Cf. the majority and dissenting opinions in Spence v. Three Rivers Builders & Masonry Supply, Inc., 353 Mich. 120, 90 N.W.2d 873 (Sup. Ct. 1958).
Defendants have argued alternatively that plaintiff's failure seasonably to tender a return of the defective carpeting to the defendants bars the action. In view of the conclusion already arrived at, this issue need not be explored.
Judgment reversed.