KNOXVILLE TRACTION COMPANY *v.* J. C. BROWN *et ux.*

(*Knoxville.*　September Term, 1905.)

1.　**CONTRIBUTORY NEGLIGENCE.** Question for jury where there may be a difference of opinion, and peremptory instructions to return a particular verdict should not be given, when.

Where, in an action against a street railway company for injuries received by the plaintiff in a collision with a street car, there may be a difference of opinion under the evidence as to whether the plaintiff's negligence directly contributed to cause the accident, the court should not peremptorily instruct the jury to return a verdict in favor of the defendant, but should, under proper instructions, submit to the jury the question of the plaintiff's contributory negligence. (*Post, pp.* 328-333.)

Cases cited and approved:　Traction Co. v. Carroll, 113 Tenn., 514; Tyrus v. Railroad, 114 Tenn., 579; Railroad v. Ives, 144 U. S., 417; District of Columbia v. Moulton, 182 U. S., 577; Warner v. Railroad, 168 U. S., 339; Creamer v. Railroad, 156 Mass., 320; Doty v. Railroad, 129 Mich., 464; Greengard v. Railroad, 72 Minn., 181; McCarth v. Railroad, 120 Mich., 400; Railroad v. Block, 55 N. J. Law, 605; Blaney v. Traction Co., 184 Pa., 524; Bethel v. Railroad, 8 O. C. D., 310; Traction Co. v. Helms, 84 Md., 515.

2.　**NEGLIGENCE.** Of defendant to be submitted to the jury where there may be a difference of opinion, and peremptory instructions to return a particular verdict not to be given, when.

Where, in an action against a street railway company for injuries received by the plaintiff in a collision with a street car, there may be a difference of opinion under the evidence as to whether the defendant's negligence caused the accident, the court should not peremptorily instruct the jury to return a verdict in favor of the defendant, but should, under proper instructions, submit to the jury the question of the defendant's negligence. (*Post, pp.* 328-333.)

See cases cited under the first headnote.

3. **PRACTICE.** Controverted and determinative questions to be submitted to the jury.

Where there are controverted and determinative questions of fact, the issues must be submitted to the jury. (*Post, pp.* 329-331, 333.)

Cases cited and approved: Traction Co. v. Carroll, 113 Tenn., 514; Tyrus v. Railroad, 114 Tenn., 579.

4. **EVIDENCE.** Material evidence defined.

By material evidence is meant evidence material to the question in controversy, which must necessarily enter into the consideration of the controversy and by itself, or in connection with other evidence, be determinative of the case. (*Post, pp.* 329, 331, 332.)

5. **SAME.** Amended city ordinance is receivable in evidence without the original, if no objection is made, when.

In an action against a street railway company for injuries received by plaintiff in a collision with a street car, there is no reversible error in receiving in evidence and considering an amended city ordinance fixing the maximum speed of street cars, where it is introduced and read without objection, though it would have been more formal to have introduced the original ordinance. (*Post, pp.* 333, 334.)

6. **STREET RAILWAYS.** Duty to look before attempting to cross; and failure to do so defeats recovery for injuries.

Where the plaintiff attempting to cross the street, started diagonally across the street, but before reaching the first street car track, he was intercepted by a wagon, and as he passed behind it and was about to enter on the second track, a car struck him before he could cross the track, it is error for the court to refuse to charge, in an action for such injury, that it was the plaintiff's duty not only to look before attempting to cross the track, but also after he had been intercepted by the wagon, and if his failure so to look after he passed the wagon was the direct and proximate cause of his injury, the verdict should be in favor of the defendant. (*Post, pp.* 324-328, 334, 335.)

Traction Co. v. Brown.

7. **CONTRIBUTORY NEGLIGENCE.** Directly and proximately concurring with defendant's negligence in causing injury defeats recovery.

Where the plaintiff's negligence concurred directly and proximately with the negligence of the defendant in causing the injury, there can be no recovery against the defendant. (*Post, pp.* 328, 334, 335.)

8. **STREET RAILWAYS.** Care and caution to be used in crossing under perilous conditions.

A person attempting to cross street car tracks under perilous conditions, in which he had voluntarily placed himself, must use such reasonable care, caution, and diligence as would be necessary to prevent an accident; and the care and caution to be used upon an ordinary occasion in crossing would not meet the requirements of such perilous conditions. (*Post, pp.* 334, 335.)

FROM KNOX.

Appeal from the Circuit Court of Knox County.—Joseph W. Sneed, Judge.

Shields, Cates & Mountcastle, for Traction Co.

Sansom & Welcker and E. F. Mynatt, for Brown.

Mr. Justice Wilkes delivered the opinion of the Court.

This is an action for damages for personal injuries inflicted upon Mrs. M. J. Brown, wife of J. C. Brown. The

suit is brought in the name of the husband and wife, and is based upon an injury done to the wife.

There was a motion for peremptory instructions in favor of the defendant at the conclusion of the plaintiff's testimony, and also at the conclusion of all the evidence, to return a verdict in favor of the defendant. These motions were overruled by the court, and there was a trial before the judge and a jury, and a verdict and judgment in favor of the plaintiff for $2,000, and the defendant company has appealed.

The first contention made is that there is no material evidence to support the verdict, and, if there may be some proof of negligence on the part of the company, still there is evidence of contributory negligence on the part of the plaintiff, which directly contributed to cause the injury, and must bar any recovery, and hence that the court was in error in not granting peremptory instructions to the jury to award a verdict in favor of the plaintiff.

The two vital questions in this case are: First whether there was any negligence on the part of the motorman of the street car company which caused the accident; and, second, whether there was any negligence on the part of the plaintiff Mrs. Brown which directly contributed to cause the accident.

The facts in the case are that the plaintiff Mrs. Brown was attempting to cross Gay street, in Knoxville, from the west to the east side. The street has a double track upon it, and cars pass in each direction quite frequently.

Those going north pass on the eastern track, and those going south on the western track, and the two lines of track are near each other.

The plaintiff, when she attempted to cross the street, looked in both directions, and saw that cars were coming from both the north and south. She believed, however, that she had time to cross over the tracks before the cars would reach the point where she was crossing. She started across the street diagonally in a northerly direction, and before she reached the west track she was intercepted by a coal or furniture wagon, which checked her and caused her to vary her course up the street at a sharper angle in order to pass behind it. The wagon was going in a southerly direction, and as she passed behind it, and was about to enter upon the east track, the car coming on that track from the south made its appearance very near her. She was from five to fifteen feet in front of the car when she was discovered by the motorman and when she discovered the near approach of the car. The motorman attempted to stop the car, but was unable to do so. He cried to her, "Look out, lady!" and she made a leap and got nearly across the east track, when the corner of the car struck her, turning her around, and throwing her to the pavement.

While the testimony is that she looked in both directions before going on the street and saw the car coming from the south which caused the injury, there is no testimony to show that, after crossing the west track and being checked and deflected in her course by the wagon,

she looked again south for the approach of the car from that drection before entering upon the eastern track.

We think there is testimony in the record to show that the motorman on the car which caused the accident was immediately before the accident, and perhaps at the time of it, looking at the wagon or its driver, under the impression that there was danger of striking the wagon, and that he was not at the time of passing the wagon looking along the track to see whether any one was upon it or not.

We think the evidence shows that she was attempting to cross the track under dangerous and critical circumstances; and, if so, it was her duty to watch very closely for the movement of the cars, which she knew were coming in both directions, and more especially as she was checked in her progress by the intervening wagon.

We think that under the evidence there might have been a difference of opinion as to whether the motorman was guilty of negligence in watching the wagon, instead of the track ahead of him, and also that there might have been a difference of opinion as to whether the lady should not, under the circumstances, being checked in her passage, have stopped before entering upon the east track to see whether she could cross that track before the car which she had seen coming would reach her.

These questions of negligence upon the part of the motorman and contributory negligence upon the part of the plaintiff should have been left to the jury, under

Traction Co. v. Brown.

proper instructions; and it was not, therefore, a case for peremptory instructions.

A motion for peremptory instructions is not one which addresses itself to the discretion of the court, but one which presents a question of law; and the crucial question in the case is whether there is any determinative evidence upon which the jury must base a verdict in favor of the party who produces it.

It is said in the case of *Grand Trunk Railroad Company* v. *Ives,* 144 U. S., 417, 12 Sup. Ct., 679, 36 L. Ed., 485, that the terms "ordinary care" and "reasonable prudence" and such like terms, as applied to the conduct and affairs of men, have a relative significance, and cannot be arbitrarily defined. What may be deemed ordinary care in one case may, under different surroundings and circumstances, be gross negligence. The policy of the law has relegated the determination of such questions to the jury under proper instructions from the court. It is their province to note the special circumstances and surroundings of each particular case, and say whether the conduct of the parties in that case is such as would be expected of reasonably prudent men under a similar state of affairs. When a given state of facts is such as reasonable men may fairly differ upon the question as to whether there was negligence or not, the determination of the matter is for the jury. It is only where the facts are such that all reasonable men must draw the same conclusions from them that the

question of negligence is ever considered one of law for
the court.

To support this proposition, a large number of cases
are cited.

Substantially the same rule is laid down in *District of
Columbia* v. *Moulton,* 182 U. S., 577, 21 Sup. Ct., 840,
45 L. Ed., 1237, in these words: "The question of negli-
gence or no negligence is one of law for the court, where
but one inference can reasonably be drawn from the evi-
dence.

This case approves also the language in the case of
*Warner* v. *B. & O. Ry. Co.,* 168 U. S., 339, 18 Sup. Ct.,
68, 42 L. Ed., 491, as follows: "It is only where the evi-
dence is such that reasonable men may fairly differ as to
the deductions to be drawn therefrom that the determi-
nation of the fact of negligence should be left to the
jury."

In *Traction Co.* v. *Carroll,* 113 Tenn., 514, 82 S. W.,
313, it is said: "The rule is that any act must be held
negligence in law, or negligence as matter of law, where
no reasonable difference of opinion can exist among men
as to the negligent character of the act."

The rule as laid down in the case of *Tyrus* v. *Railroad
Co.,* 114 Tenn., 579, 86 S. W., 1074, is substantially:
"When there is no controversy as to any material fact,
there is nothing for the jury to find, and the question is
then solely one of law for the court; and in such a case
the court may instruct the jury to return a verdict in ac-
cordance with his view of the law applicable to such as-

certained or uncontroverted facts. There can be no constitutional exercise of the power to direct a verdict in any case in which there is a dispute as to any material evidence or any legal doubt as to the conclusion to be drawn from the whole evidence upon the issues to be tried."

And again: "If there is any dispute as to any material fact, the case must go to the jury; if there is no dispute as to fact, the question is one of law for the court."

By material evidence is meant evidence material to the question in controversy, which must necessarily enter into the consideration of the controversy and by itself, or in connection with the other evidence, be determinative of the case.

But a conflict of the evidence upon a detached or separate feature or fact, even though it is material, should not of itself prevent the giving of peremptory instructions. Facts are frequently material which are by no means determinative; and facts are frequently material in themselves, but become immaterial when taken in connection with other facts.

To illustrate: We take the common case of a person injured in a railroad accident. It may be a disputed and controverted fact which one of two roads did the injury, and it is therefore a material question to determine which one did it. But it may further develop that, no matter which road it was, there was gross contributory negligence which proximately caused the injury, and the

injured party could not, therefore, recover in any event. In such case, the court should give peremptory instructions against the plaintiff notwithstanding the conflict of evidence as to who caused the injury or whether the road was itself guilty of negligence. Other illustrations could easily be given.

So that the disputed fact must not only be material, but in itself or in connection with other facts it must be determinative of the real issue and the merits of the case.

As bearing upon the question of the plaintiff's contributory negligence, it has been held that it is the duty of a pedestrian, alighting from one car on one track, to look and listen before crossing an adjoining track. *Creamer* v. *West End R. R. Co.*, 156 Mass., 320, 31 N. E., 391, 16 L. R. A., 490, 32 Am. St. Rep., 456; *Doty* v. *R. R. Co.*, 129 Mich., 464, 88 N. W., 1059; *Greengard* v. *St. Paul R. R. Co.*, 72 Minn., 181, 75 N. W., 221.

And the rule applies to one who crosses behind a car onto another track. *McCarth* v. *R. R. Co.*, 120 Mich., 400, 79 N. W., 631; *Newark R. R. Co.* v. *Block*, 55 N. J. Law, 605, 27 Atl., 1067, 22 L. R. A., 374; *Blaney* v. *Traction Company*, 184 Pa., 524, 29 Atl., 294.

And also to a pedestrian passing behind a wagon moving along one track to cross another track running parallel. *Bethel* v. *Street Ry. Co.*, 8 O. C. D., 310.

In the case of *Newark v. Block*, supra, it was held that, where obstacles temporarily intervene to prevent observation, it is the duty of the pedestrian to delay

crossing the track until proper observation can be made.

See, further, *Baltimore Traction Co.* v. *Helms,* 84 Md., 515, 36 Atl., 119, 36 L. R. A., 215.

As before stated, we consider the question of the negligence of the motorman in looking at the passing wagon, instead of at the track in front of him, and the question of the negligence of the plaintiff in passing around the wagon and going upon the track without looking, as determinative and controverted questions in this case, and they ought to have been left to the jury.

It is objected that an ordinance of the city of Knoxville, which was introduced in evidence, was improperly considered by the court as fixing the rate of street cars at a maximum of eight miles an hour.

It appears from the charge of the court that this ordinance was introduced without objection; but the point made is that it is only an amendment to another ordinance, the original not being put in evidence, and the contention is that it does not of itself show that it was an ordinance regulating the speed of street cars.

The bill of exceptions shows the introduction of this amended ordinance to have been done in this manner: "Counsel for plaintiff here introduced certified copy of city ordinance regulating the speed of street cars, which is as follows." Then follows the amended ordinance, and it appears to have been introduced and read without objection.

We think that, while it may have been more formal to have introduced the original ordinance, still the bill of

exceptions leaves no doubt that this amended ordinance was intended to and did regulate the speed of street cars within the city.

There is therefore no reversible error in the construction of this ordinance by the trial judge and his instruction to the jury in relation thereto.

The next assignment of error is that the court improperly refused a request, tendered by the defendant, to the effect that it was the duty of the plaintiff to not only look before she attempted to cross the track, but also after she had been intercepted by the wagon, and, if her failure to so look after she passed the wagon was the direct and proximate cause of her injury, the verdict should be in favor of the company.

The fourth assignment is in regard to a refusal to grant a special request to the effect that, if the company was negligent and the plaintiff was also negligent in not looking or listening, and if such negligence on her part concurred directly and proximately with the negligence of the defendant in causing the injury, the verdict should be in favor of the company.

We think that under the facts of the case these requests ought to have been granted, and that they are not covered sufficiently by the general charge.

It is true, the trial judge does charge that it was the duty of Mrs. Brown, in attempting to cross the street car track between crossings, to look for an approaching car, and to exercise ordinary care and caution for her own safety; and "if you believe in this case that Mrs.

Brown failed to do that, and you should believe that her negligence was in any sense the prime, proximate, and efficient cause of her injury, then there could be no recovery."

While the charge is correct as it applies to an ordinary attempt to cross a street car track, still Mrs. Brown was not attempting to cross the tracks under ordinary circumstances, but was attempting to cross the track under perilous conditions, with cars coming in each direction and a wagon intervening to cut off her sight and retard her progress.

Under such circumstances, it was incumbent on her to use such care, caution, and diligence as would be necessary, reasonably, to prevent an accident; and the care and caution which she would use upon an ordinary occasion in crossing would not meet the requirements of the perilous condition in which she voluntarily placed herself.

We think, therefore, that the charges should have been more explicit, and in terms more directly applicable to the facts of the case, and that the jury should have been instructed that Mrs. Brown should exercise reasonable care and caution in view of her perilous surroundings.

For these reasons, and upon these grounds, we are constrained to reverse the judgment of the court below and remand the cause for a new trial.

Appellee will pay the costs of appeal.