IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 23, 2014 Session

## DONRIEL A. BORNE v. CELADON TRUCKING SERVICES, INC.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-003273-10      Robert S. Weiss, Judge**

**No. W2013-01949-COA-R3-CV - Filed July 31, 2014**

J. STEVEN STAFFORD, J., DISSENTING IN PART:

I concur with the majority Opinion's rulings with regard to the procedural issues in this case, as well as its reversal of the trial court's remittitur of the loss of earning capacity damages. However, because I disagree with the majority's procedure in further remitting the jury's verdict with regard to loss of enjoyment of life damages, I must respectfully dissent, in part, from the majority Opinion.

My disagreement in this case stems from the majority's suggestion of remittitur with regard to the loss of enjoyment of life damages. As discussed by the majority Opinion, the jury awarded the Plaintiff $750,000.00 in damages for loss of enjoyment of life. The trial court suggested a remittitur of $350,000.00, which results in a loss of enjoyment of life award of $400,000.00. The majority, however, suggests a further remittitur in which Plaintiff is only awarded $50,000.00 for loss of enjoyment of life, a reduction of $700,000.00 from the initial jury award. This represents an over ninety-three percent reduction in the jury's verdict on this type of damages.

To support its suggested remittitur, the majority cites several cases that it contends support its decision. Many of these cases are inapposite to the case-at-bar. First, *Huskey v. Rhea County*, No. E2012-02411-COA-R3-CV, 2013 WL 4807038,(Tenn. Ct. App. Sept. 10, 2013) *perm. app. denied* (Tenn. Jan. 14, 2014), involved a bench trial, rather than a jury trial. *Id.* at *17. Thus, the question of remittitur was not at issue in *Huskey*.

In other cases cited by the majority, this Court affirmed the jury's verdict, rather than a remittitur suggested by the trial court. For example in *Rippy v. Cintas Corp. Services, Inc.*, No. M2010-00034-COA-R3-CV, 2010 WL 3633469 (Tenn. Ct. App. 2010), this Court declined to grant a remittitur of the jury's verdict awarding $40,000.00 for loss of enjoyment

of life. *Id.* at *5. Although the jury's verdict in *Rippy* and the remitted amount suggested by this Court are similar, I fail to see how a Court's decision to refuse to disturb a jury's verdict can be used to support the majority's action in this case.

In a similar case cited by the majority, *Riley v. Orr*, No. M2009-01215-COA-R3-CV, 2010 WL 2350475 (Tenn. Ct. App. W.S. June 11, 2010), this Court also affirmed the trial court's refusal to remit the jury's verdict with regard to loss of enjoyment of life damages. *Id.* at *9. In doing so, the Court noted the fact that in order to suggest a remittitur, the Court must not only disagree with the jury's calculation of damages, but also the trial court's:

> [A]n appellate court must not only have great respect for the verdict of the jury, it must likewise take into consideration the fact that the Trial Judge, experienced in observing persons testifying, is in a better position to determine whether a party who has been injured is exaggerating the result of such injury to his body, either from some psychological reaction or purposely in order to influence the jury verdict, . . . and the appellate courts must likewise have great respect for the evaluation of damages fixed by the Trial Judge or approved by him as relates to the verdict.

*Id.* (quoting *Stark v. Yost*, 334 S.W.2d 954, 958–59 (Tenn. Ct. App. 1959)). Here, the Court does not appear to discuss the appropriate deference that should be accorded the trial court's decision.

The question of what deference should be accorded the trial court's decision is important to the resolution of this issue. Indeed, the Tennessee Supreme Court recently examined this issue in detail in *Meals ex rel. Meals v. Ford Motor Co.*, 417 S.W.3d 414 (Tenn. 2013), a seminal case on the authority of the appellate court to suggest a remittitur. The *Meals* Opinion, however, is not cited by the majority in its determination that a further remittitur of the loss of enjoyment of life damages is warranted in this case. *Meals* concerned the appellate court's suggestion of a remittitur where the trial court wholly approved the jury verdict. In that circumstance, the Tennessee Supreme Court held that the appellate court's authority to suggest remittitur was very limited:

> Where the trial judge has approved the verdict in its role as thirteenth juror . . . the Court of Appeals' review of the verdict and its ability to suggest a remittitur is limited to a review of the record to determine whether the verdict is supported by material evidence. *Poole v. Kroger Co.*, 604

S.W.2d 52, 54 (Tenn. 1980); see also *Thrailkill*, 879 S.W.2d at 841; *Ellis*, 603 S.W.2d at 129. Material evidence is "evidence material to the question in controversy, which must necessarily enter into the consideration of the controversy and by itself, or in connection with the other evidence, be determinative of the case." *Knoxville Traction Co. v. Brown*, 115 Tenn. 323, 331, 89 S.W. 319, 321 (1905). An appellate court is required to take "the strongest legitimate view of all the evidence in favor of the verdict, assume the truth of all evidence that supports the verdict, allowing all reasonable inferences to sustain the verdict, and to discard all countervailing evidence." *Akers v. Prime Succession of Tenn., Inc.*, 387 S.W.3d 495, 501–02 (Tenn. 2012) (quoting *Barkes v. River Park Hosp., Inc.*, 328 S.W.3d 829, 833 (Tenn. 2010)). The material evidence analysis is very deferential to the award by the jury and the judgment of the trial court when it affirms the verdict as the thirteenth juror. *See Ellis*, 603 S.W.2d at 129 ("[W]hen the trial judge has approved the verdict, the review in the Court of Appeals is subject to the rule that if there is any material evidence to support the award, it should not be disturbed." (emphasis added)). "It matters not a whit where the weight or preponderance of the evidence lies under a material evidence review." *Hohenberg Bros. Co. v. Mo. Pac. R.R. Co.*, 586 S.W.2d 117, 119–20 (Tenn. Ct. App. 1979). "It is simply a search of the record to ascertain if material evidence is present to support the verdict." *Id.* Because the material evidence standard lies at the foundation of the right to trial by jury, if there is material evidence to support a jury verdict, the appellate courts must affirm it. *See* Tenn. Const. art. I, § 6; *Truan v. Smith*, 578 S.W.2d 73, 74 (Tenn.1979) (quoting *D.M. Rose & Co. v. Snyder*, 185 Tenn. 499, 508, 206 S.W.2d 897, 901 (1947)); *Crabtree Masonry Co.*, 575 S.W.2d at 5; *City of Chattanooga v. Ballew*, 49 Tenn.App. 310, 316–17, 354 S.W.2d 806, 808–09 (1961); *see also Grandstaff v. Hawks*, 36 S.W.3d 482, 497 (Tenn. Ct. App. 2000) ("We have a duty to uphold a jury's verdict whenever possible.").

The Court of Appeals' authority to suggest a remittitur when the trial court has affirmed the verdict is far more circumscribed than that of the trial court. *Coffey v. Fayette Tubular Prods.*, 929 S.W.2d 326, 331 & n.2 (Tenn. 1996); *see also Ellis*, 603 S.W.2d at 129. If the Court of Appeals suggests

> a remittitur, the plaintiff may either accept the remitted amount,
> opt for a new trial, or accept the remitted amount under protest
> and apply to this Court for permission to appeal. Tenn. Code
> Ann. § 20-10-103(a).

*Meals*, 417 S.W.3d at 422–23. As explained by Judge Kirby in her dissent in the Court of Appeals Opinion in *Meals*:

> Tennessee caselaw emphasizes how reluctant an appellate court should be to suggest a remittitur in the first instance, where the trial court has approved the jury's verdict. *See* **Riley v. Orr**, No. M2009-01215-COA-R3-CV, 2010 WL 2350475, at *9 (Tenn. Ct. Ap. June 11, 2010) (the appellate court must accord "great respect" to the trial court's approval of the damages awarded by the jury). This is especially true where the jury award at issue is for non-economic damages, as for pain and suffering and loss of enjoyment of life:
>
> > [T]he determination on such non-pecuniary losses as pain and suffering damages involves a subjective element not present in the determination of ordinary facts. The jury trial guarantee requires that the subjective element involved be that of the community and not of judges. . . . When appellate courts are called upon to review a jury's award of non-economic damages, it is not their prerogative to determine whether the award strikes them as too high or too low.
>
> **Smartt v. NHC Healthcare/McMinnville, LLC**, No. M2007-02026-COA-R3-CV, 2009 WL 482475, at *21 (Tenn. Ct. App. Feb. 24, 2009) (perm. app. den. March 10, 2011) (citations omitted).

*Meals v. Ford Motor Co.*, No. W2010-01493-COA-R3-CV, 2012 WL 1264454, at *23–24 (Tenn. Ct. App. April 13, 2012) (J. Kirby, dissenting), *rev'd*, 417 S.W.3d 414 (Tenn. 2013).

I acknowledge that the situation presented in this case differs materially from *Meals*. Where in *Meals*, the trial court affirmed the jury's verdict in *toto*, the trial court in this case

determined that the jury's verdict was excessive and suggested a remittitur. While the majority Opinion acknowledges the *Meals* "material evidence standard,"[1] it does not discuss whether the *Meals* standard should apply in this case. At least two cases have suggested that the appellate courts should give considerable deference to a damages award in a jury trial, whether the award was based on damages awarded by a jury and affirmed in *toto* by the trial court, or on an "evaluation of damages fixed by the Trial Judge" *See Riley*, 2010 WL 2350475, at *9; *Stark*, 334 S.W.2d at 958–59. The issue of whether the *Meals* standard applies to this situation is an issue of first impression in this Court. Thus, I believe that to decide this issue without resolving whether the *Meals* standard is applicable is in error.

Further, while the Court applies the "three-step review" to determine whether the trial court's remittitur should be upheld, the majority fails to consider this review with regard to its own remittitur. *Long v. Mattingly*, 797 S.W.2d 889, 896 (Tenn. Ct. App. 1990). As previously discussed, the majority's remittitur of the loss of enjoyment of life damages represents an approximately ninety-three percent reduction in the jury's verdict for this type of damages. My research has revealed several cases in which remittiturs of less than ninety-three percent have been held to "totally destroy the jury verdict." *See, e.g., Adams v. Leamon*, No. E2012-01520-COA-R3-CV, 2013 WL 6198306 (Tenn. Ct. App. Nov. 25, 2013) (noting several Opinions in which a reduction of over seventy percent was held to totally destroy the jury's verdict) (citing *Myers v. Myers*, No. E2004-02135-COA-R3-CV, 2005 WL 1521952, at *5 (Tenn. Ct. App. June 27, 2005) (holding that a remittitur of seventy percent destroyed the verdict); *Guess v. Maury*, 726 S.W.2d 906, 913 (Tenn. Ct. App. 1986), *overruled on other grounds by*, *Elliott v. Cobb*, 320 S.W.3d 246, 252 (Tenn. Sep 23, 2010) (holding that a remittitur of seventy-five percent destroyed the verdict)). For example in a case cited by the majority, *Adams v. Leamon*, the trial court suggested a remittitur of the jury's $156.204.50 award for future loss of enjoyment of life to $25,000.00. *Adams*, 2013 WL 6198306, at *5. The trial court also remitted the jury's $120,476.00 award for future pain and suffering to $25,000.00. While the Court of Appeals agreed that the jury verdict was excessive, it did not agree with the trial court's remittitur of approximately 71.5 percent of the jury's total verdict. *Id.* Thus, the appellate court concluded that "the reduction in the case at bar was so substantial as to totally destroy the jury's verdict," *id.*, even though the evidence showed that the plaintiff "was able to work and perform most household tasks [and h]is greatest limitation appeared to be that he could no longer fully enjoy his hobby of riding motorcycles." *Adams*, 2013 WL 6198306, at *4. While *Adams* and the other cited cases consider the destruction of the jury's verdict with regard to the overall award, rather than each award, individually, I believe that they are instructive as to what type of remittitur is

---

[1] The majority Opinion described the "material evidence" standard as a "lesser" standard. In contrast, I would describe *Meals* material evidence standard as a much *higher* burden on the appellate court.

permitted by a trial court, which remittitur is even more "circumscribed" when suggested by the appellate court. *See Meals*, 417 S.W.3d at 423.

I also take issue with the majority's heavy reliance on "cases [it] ha[s] deemed similar" to the case-at-bar. The Tennessee Supreme Court has expressed some concern as to whether courts should reduce damage amounts solely on the basis of other purportedly similar cases. According to the Court:

> Our review of verdicts in similar cases must be approached with some caution. First, we recognize that by reviewing verdicts in published opinions, we are not reviewing the entire pool of damage awards. Cases resolved by settlement and/or mediation are not included in the pool of damage awards, and their absence can skew the results. Second, we must take care to only consider cases that are "similar"—presumably involving a similar plaintiff with similar injuries. Third, courts should take inflation and the reduced value of the dollar into account when considering these verdicts. *See S. Ry. Co.* [*v. Sloan*], 56 Tenn.App. [380,] 392–93, 407 S.W.2d [205,] 211 [(Tenn. 1965)]. Finally, courts should be mindful that when looking at other jury verdicts, each case must be judged on its own particular facts. *See Ellis* [*v. White Freightliner Corp.*], 603 S.W.2d [125,] 129 (quoting *S. Ry. Co.*, 56 Tenn.App. at 392–93, 407 S.W.2d at 211); *Stark v. Yost*, 47 Tenn.App. 28, 37, 334 S.W.2d 954, 958 (1959).

*Meals ex rel. Meals v. Ford Motor Co.*, 417 S.W.3d 414, 425–26 (Tenn. 2013). Despite the Tennessee Supreme Court's admonition, the majority Opinion heavily relies on purportedly similar cases, many of which involve circumstances distinct from the case-at-bar, as discussed above.

For the foregoing reasons, I must respectfully dissent from the majority's further remittitur of the loss of enjoyment of life damages.[2]

---

[2] Although I do not disagree with the majority Opinion's overall determination of the remittitur suggested by the trial court, I do have concerns about the trial court's lack of justification for the remittitur. I recognize that this Court has often considered the remaining factors in the "three-step review," *Long*, 797 S.W.2d at 896, notwithstanding the trial court's failure to provide a sufficient justification for its action. *See, e.g., Adams*, 2013 WL 6198306, at \*5; *Johnson v. Nunis*, 383 S.W.3d 122, 133 (Tenn. Ct. App. 2012); *Myers v. Myers*, No. E2004-021350COA-R3-CV, 2005 WL 1521952, at \*3 (Tenn. Ct. App. June 27, 2005).



J. STEVEN STAFFORD, JUDGE

However, I would like to emphasize the considerable burden placed on appellate courts when trial courts fail to make appropriate findings to support their rulings. In this situation, the better practice is for trial courts to give appropriate justifications for their rulings, in order to facilitate appellate review.