ERICK STACKLIE v. ST. PAUL & DULUTH RAILROAD COMPANY.

June 15, 1898.

Nos. 11,062—(111).

**Railway—Injury to Freight Handler at Warehouse—Crossing Track without Looking—Evidence of Contributory Negligence.**
> *Held,* that the evidence establishes the contributory negligence of the plaintiff in this case, as a matter of law.

Action in the district court for St. Louis county to recover $6,261 because of injuries suffered and expenses incurred by defendant. From a judgment in favor of defendant, entered in pursuance of the order of Ensign, J., notwithstanding a verdict for plaintiff, he appealed. Affirmed.

*John Jenswold, Jr.,* for appellant.

*Hadley & Armstrong,* for respondent.

START, C. J.

This is a personal injury case. Verdict in favor of the plaintiff for $1,140. The trial court, on defendant's motion, ordered judgment in its favor, notwithstanding the verdict, and the plaintiff appealed from the judgment entered upon the order. The sole question on this appeal is whether the undisputed evidence shows, as a matter of law, that the plaintiff was guilty of contributory negligence.

As a part of the defendant's terminals at Duluth, it owned and operated two warehouses, between which, running north and south, were three parallel railway tracks, resting on piling. The easterly track was known as "No. 1," the middle one as "Central," and the westerly as "No. 2." Runways or walks, by laying two 12-inch planks side by side, had been laid outside the rails and between the tracks. When the tracks were filled with cars, the space between them would be 4 feet and 10 inches. During the season of 1896, Messrs. Donahue & Gallagher were the contractors for the defend-

ant, who handled for it all of the freight at the warehouses, and the plaintiff was employed by them, and had been employed in the same place for four whole seasons prior to the year 1896, and knew the condition of the tracks, the method of doing business, and the movement of cars at the locus in quo. The only method of placing loaded cars at the warehouse, and taking them away, was by the men pushing them to and fro, or having them pushed by a switch engine if one happened to be there.

On August 18, 1896, the plaintiff was engaged in pushing cars on track No. 1, and stood with his shoulder against the corner of an empty car which had been stopped by gravel on the track when a bump came that was sharper and stronger than that usually given by the men. The evidence justifies the conclusion that the plaintiff knew that an engine had come into the yard, and was pushing the cars. He knew that there were no cars on the center track when he took his place to assist in pushing the cars. After the sharp bump came, he saw a car on the center track, and knew that an engine and cars might appear on this track at any time. He also knew that usually, but not always, the bell of the engine was rung before starting, which custom he relied upon. When the sharp bump came, he lost his balance, but regained it, and walked along beside the cars for three or four steps and then, turning southward, walked diagonally upon the central track, and was there struck by a box car in front of an engine which was pushing it. Before going upon this track, he did not look to see if an engine or cars were on it. When he saw the car on the central track, he saw no engine there, and did not know that any cars or engine were coming down on the central track. No signal was given before the engine started down the track. The plaintiff had no duties which then required his presence on the central track. He states his reason for going there in these words:

"Q. Well, Mr. Stacklie, what made you cross the center track? A. Because I saw the cars on number two side was standing still, and I was afraid of those cars on number one track; so I take it in mind at the same time to walk across, and not come in collision with the cars on number one track."

He also stated that he had difficulty in walking beside the cars

where he was immediately before crossing to the center track, for the reason that the planks in the walk were upside down, with the spikes sticking up. It was a bright, clear day.

While we have made no attempt to state all the facts shown by the evidence in detail, the foregoing is a substantial statement of the facts of this case; and we are of the opinion that they unmistakably show that the plaintiff was negligent in walking upon the center track without looking to see if an engine and cars were coming. He was an experienced man, in full possession of his faculties. There was no sudden emergency, fright or bewilderment. He had nothing to occupy his attention at this particular time except to care for his own safety. He had every opportunity to look, and there was every reason, under the circumstances, why he ought to have done so, before going upon the track. There is no reasonable excuse shown for his failure to exercise some care to insure his safety before going upon the central track.

Judgment affirmed.