KATIE HERMELING v. CHICAGO, ST. PAUL, MINNEAPOLIS &
OMAHA RAILWAY COMPANY and Another.[1]

July 24, 1908.

Nos. 15,661—(177).

**Contributory Negligence.**

Plaintiff's intestate attempted to cross a railroad track at night in the face of an approaching train, forty feet away and running at the rate of about four miles an hour, of which he was fully aware. He stumbled in the darkness, or was thrown down by the train, and was killed. *Held*, on this undisputed state of the facts, that he was guilty of contributory negligence as a matter of law.

Action in the district court for Cottonwood county by the administratrix of the estate of Joseph Hermeling, deceased, to recover $5,-000 damages for the death of her husband alleged to have been caused by the negligence of defendant company's engineer. The case was tried before P. E. Brown, J., who directed a verdict in favor of defendants. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Larrabee & Davies* and *N. L. Glover*, for appellant.

*Thomas Wilson* and *James B. Sheean*, for respondents.

BROWN, J.

The facts in this case are as follows: On the night of October 11, 1906, defendant ran a special excursion train from Currie, in Murray county, to Windom, in Cottonwood county, to enable people who desired to attend a political meeting at the last-named place. A special excursion train was also run from St. James to Windom. The lines of defendant's road from Currie and St. James meet at Bingham Lake, and all trains proceed from that point to Windom, on the same track. The Currie track parallels that of the main line at Bingham Lake as it extends through the station yards and past the depot; the main track being immediately adjacent to the station platform. Between the two tracks there is a platform sixteen feet wide and about

[1] Reported in 117 N. W. 341.

one hundred feet long. The platforms are connected by two walks, extending over the main track and used for convenience in passing to trains on the Currie track. These platforms, both that between the main and the Currie track and that adjoining the building, are about on a level with the rails of the track, though the space between the rails is not planked. The bed of the main track is between six and eight inches below the surface of the platforms.

On the night in question, at about eight o'clock, plaintiff's intestate was a passenger on the Currie special, bound for Windom to attend the political meeting. As the train came to a stop at Bingham Lake, he alighted and crossed the main track to the station building, which he entered and there engaged in conversation with an acquaintance. He understood that his train would not depart for Windom until after the arrival of the train from St. James, and he remained at the station until the latter came in. On its approach, and when within forty feet of the position he occupied on the platform, and coming at about the rate of four miles an hour, he attempted to cross the track in front of it to board his train, and in some manner slipped and fell on the track, or was struck and knocked down by the engine, and was run over and killed.

Plaintiff, administratrix of deceased's estate, brought this action against both the company and its engineer, alleging that the death of the intestate was occasioned by their negligence. A verdict was directed for defendants on the trial below, and plaintiff appealed from an order denying a new trial.

It is charged in the complaint that the death of plaintiff's intestate was caused solely by the negligence of defendants, the grounds of which are specifically set out in the pleadings; the principal one being the failure of the company to have the station platform properly lighted on the occasion in question, by reason of which, so the complaint alleges, in attempting to pass over the main track to his train, not being able to see, deceased fell off the platform, as he started to cross the track, and was unable to get out of the way of the approaching train.

Whether the company is chargeable with negligence in this respect involves the question whether deceased, while away from his train and at the station building, was a passenger within the meaning of the

law, to whom it owed the duty properly to light the platform of its station or to take other affirmative measures for his safety. De Kay v. Chicago, M. & St. P. Ry. Co., 41 Minn. 178, 43 N. W. 182, 4 L. R. A. 632, 16 Am. St. 687. We are not agreed upon this branch of the case. Some members of the court are of the opinion that the case cited applies, and is conclusive that deceased was not entitled to protection as a passenger under the circumstances stated, while other members are of the opposite view. But we are all agreed, however, that the learned trial court properly directed a verdict for defendants on the ground of deceased's contributory negligence. It becomes unnecessary, therefore, to consider or determine the question of the company's negligence in the respects stated, or the negligence of either defendant in other respects charged in the complaint. Negligence may be conceded, for the purposes of the case, and we come to the contributory negligence of deceased.

Deceased had been in the employ of defendant as a section foreman for about six years preceding the time of his death. His railroad experience necessarily familiarized him with the movements and operations of trains and the dangers and hazards incident thereto. He was a passenger on the Currie special, bound for Windom. When the train reached the station in question, he left it, whether for some business purpose or not is immaterial, and crossed over the intervening track to the station platform, where he remained until the arrival of the St. James special. He was advised of the arrival of that train by the usual sounding of bell and whistle, and the headlight of the engine was immediately in his view as the train approached. When within forty feet—some witnesses place the distance at thirty feet—from the point where he stood upon the platform, he deliberately stepped therefrom upon the track on which the train was approaching, with full knowledge of its presence and distance away, and was run down and killed.

Whether he stumbled and fell in the darkness, or was struck by the engine in crossing the track, is in no proper sense controlling in determining the question of his contributory negligence. His conduct astonished several bystanders, and they called to him for the purpose of warning him of his danger; but he failed to heed them, and, with the train almost upon him, made a foolhardy attempt to cross ahead of

it. Whether the platform was lighted or not, the conclusion is unavoidable that he attempted in the face of approaching danger to take the chance of passing over the track before the train could reach him. These facts are for the most part conceded by counsel for .plaintiff, and where not conceded are established by uncontroverted evidence.

Counsel insists that the question of contributory negligence was for the jury. In this we do not concur. If upon facts like those presented in this case, and there is no substantial dispute about them, the question of contributory negligence must.go to the jury, then we are unable to imagine a case where the court would be justified in declaring contributory negligence as a matter of law. Reasonable minds can reach from these facts but one conclusion, and that of gross negligence on the part of the deceased. The conclusion of the learned trial court is supported by numerous decisions of this court, which we here follow and apply. Clark v. Northern Pac. R. Co., 47 Minn. 380, 50 N. W. 365; Schneider v. Northern Pac. Ry. Co., 81 Minn. 383, 84 N. W. 124; Stacklie v. St. Paul & D. R. Co., 73 Minn. 37, 75 N. W. 734; Nelson v. St. Paul & D. R. Co., 76 Minn. 189, 78 N. W. 1041, 79 N. W. 530; Sandberg v. St. Paul & D. R. Co., 80 Minn. 442, 83 N. W. 411; Olson v. Northern Pac. Ry. Co., 84 Minn. 258, 87 N. W. 843.

Deceased was in no sense excused from the charge of negligence by the fact that the conductor in charge of his train had called "All aboard." De Kay v. Chicago, M. & St. P. Ry. Co., 41 Minn. 178, 43 N. W. 182, 4 L. R. A. 632, 16 Am. St. 687. The likelihood of missing his train, if there was any danger of it, furnished no justification or excuse for his deliberate act in stepping in front of the approaching train. Nor have we the right to assume, as counsel for plaintiff suggest, that deceased did not notice the approaching train, but relied upon the presumption that it was safe for him to cross the track. Whatever presumptions may be indulged in favor of the rightful and prudent conduct of deceased. persons, the evidence in the case at bar is far too conclusive that deceased was fully aware of his situation to warrant any inference to the contrary.

Order affirmed.